**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**MY COMPASS GROUP INC.**<br><br>*Defendant.* | Case No. 2:26-cv-1518<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**
**AGAINST DEFENDANT MY COMPASS GROUP INC.**

COMES NOW Plaintiff Leon Weingrad, by and through the undersigned counsel, pursuant to FED. R. CIV. P. 55(a), and hereby files this Motion for Clerk's Entry of Default against Defendant My Compass Group Inc., in the above-styled action. Plaintiff respectfully requests that the Clerk of Court enter default as the Defendant has failed to serve or file an answer to Plaintiff's claims in this action within the time permitted by law or otherwise.

Federal Rule of Civil Procedure 12(a), entitled "Time to Serve a Responsive Pleading," provides in pertinent part that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(i). Federal Rule of Civil Procedure 55(a), entitled "Entering a Default," provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." FED. R. CIV. P. 55(a) (emphasis added).

Request for Entry of Default

1

Here, the Plaintiff filed his Complaint naming Defendant on March 16, 2026. (See ECF No. 1.) Defendant was served on April 10, 2026. (See ECF No. 6.) Accordingly, Defendant's responsive pleading was due on May 1, 2026. This Court entered an order directing Plaintiff to file a request for certificate of default by June 18, 2026. Defendant did not file a response as of May 23, 2026. Previously, Plaintiff's counsel had received email correspondence from Kellie M. Bubeck, Esq. of Bubeck Law LLC, who stated that they were retained on May 7, but informed Plaintiff's counsel on May 20 that it is no longer counsel of record for Defendant. Defendant then attempted to contact Plaintiff's counsel, *pro se*, seeking to settle the case. However, no alternative counsel has appeared for Defendant, and it is well established that, as a corporation, Defendant may not represent itself *pro se*. *Cheng Kai Yu v. Klapper*, No. CV 88-3683, 1989 WL 47702, at *3 (E.D.N.Y. Apr. 28, 1989) (citing *Osborn v. Bank of United States*, 22 U.S. 738 (1824)). Accordingly, the Plaintiff requests that the Clerk enter the Defendant's default pursuant to FED. R. CIV. P. 55(a).

The Plaintiff intends to move for leave to conduct classwide discovery and seek a classwide default judgment as to Defendant.

**<u>CONCLUSION</u>**

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Clerk of Court enter default against the Defendant pursuant to FED. R. CIV. P. 55(a).

RESPECTFULLY SUBMITTED AND DATED this May 23, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong,
Bar No. 333687 (*PHV*)
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038

Request for Entry of Default

2

215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

My Compass Group Inc.
80 Orville Dr Suite 100
Bohemia, NY 11716


Dated: May 23, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong,
Bar No. 333687 (*PHV*)
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

Request for Entry of Default

3