**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, | Case No. 2:26-cv-1518 |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **MY COMPASS GROUP INC.** | |
| *Defendant.* | |

**DECLARATION IN SUPPORT OF
REQUEST FOR CLERK'S ENTRY OF DEFAULT
AGAINST DEFENDANT MY COMPASS GROUP INC.**

1.      I am counsel of record for Plaintiff Leon Weingrad in the above-captioned action. I am an attorney licensed in Pennsylvania and admitted to practice law in this Court *pro hac vice*. I submit this declaration pursuant to 28 U.S.C. § 1746 and Local Civil Rule 55.1 of the Eastern District of New York in support of Plaintiff's Request for Clerk's Entry of Default against Defendant My Compass Group Inc. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      On March 16, 2026, Plaintiff filed his Complaint in this action. (ECF No. 1.)

3.      Defendant My Compass Group Inc. was served with the Summons and Complaint on April 10, 2026. (ECF No. 6.) Accordingly, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's responsive pleading was due on or before May 1, 2026.

4.      As of the date of this declaration, May 23, 2026, Defendant has failed to plead, answer, or otherwise defend in this action.

Dec. Request for Entry of Default

1

5.      On or about May 7, 2026, Plaintiff's counsel received email correspondence from Kellie M. Bubeck, Esq. of Bubeck Law LLC, who represented that her firm had been retained by Defendant. On or about May 20, 2026, Ms. Bubeck informed Plaintiff's counsel that Bubeck Law LLC is no longer counsel of record for Defendant. No other counsel has entered an appearance on behalf of Defendant.

6.      Following the withdrawal of Bubeck Law LLC, Defendant's representative, Taylor Vanderbeck, contacted Plaintiff's counsel directly, *pro se*, seeking to discuss settlement. As a corporation, however, Defendant may not appear or litigate *pro se*. *Cheng Kai Yu v. Klapper*, No. CV 88-3683, 1989 WL 47702, at *3 (E.D.N.Y. Apr. 28, 1989) (citing *Osborn v. Bank of United States*, 22 U.S. 738 (1824)).

7.      Defendant My Compass Group Inc. is a corporation. To the best of my knowledge, information, and belief, Defendant is not an infant or an incompetent person.

8.      To the best of my knowledge, information, and belief, Defendant is a corporation and is not in military service, and the Servicemembers Civil Relief Act, does not apply to Defendant.

9.      This Court entered an order directing Plaintiff to file a request for certificate of default by June 18, 2026.

10.     Based on the foregoing, the requirements of Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1 are satisfied, and Plaintiff respectfully requests that the Clerk enter a certificate of default against Defendant My Compass Group Inc.


**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**


Dec. Request for Entry of Default

2

Executed this May 23, 2026.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong,
Bar No. 333687 (*PHV*)
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically

send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

My Compass Group Inc.
80 Orville Dr Suite 100
Bohemia, NY 11716

Dated: May 23, 2026

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong,
Bar No. 333687 (*PHV*)
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

Dec. Request for Entry of Default