

Benjamin D. Bianco
*Partner*
Direct (203) 921-2698
*bdb@mss-pllc.com*

May 28, 2026

**VIA ELECTRONIC CASE FILING (ECF)**

Hon. Sanket J. Bulsara, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 930
Central Islip, New York 11722

**Re:  <u>Weingrad v. My Compass Group Inc.</u>** (2:26-cv-01518-SJB-JMW)

Dear Judge Bulsara:

We represent defendant, My Compass Group Inc. ("Compass"), and respectfully submit this letter-motion on behalf of Compass—pursuant to Federal Rule of Civil Procedure 55(c)—seeking to vacate the Clerk's Entry of Default entered on May 26, 2026 (Dkt No. 8) ("Clerk's Default").

Compass does not challenge service, and quickly sought to retain counsel to defend this action.  On or about April 23, 2026, Compass in fact did retain counsel located in Overland Park, Kansas, but it turned out that this initially retained counsel was not competent to defend the Telephone Consumer Protection Act (TCPA) claims—filed in the form of a putative class action—alleged by Plaintiff.  Once it was determined that this prior counsel could not adequately represent Compass, Compass quickly retained the undersigned's Firm.  In the interim, Compass was unaware that prior counsel had failed to seek an extension of the response deadline.

The undersigned's Firm was retained yesterday, and the undersigned immediately engaged with Plaintiff's counsel regarding this action and, specifically, the Clerk's Default.  Plaintiff's counsel informed the undersigned—via e-mail—that Plaintiff "will not oppose" this letter-motion seeking "to vacate the entry of default and allow a reasonable time to file an answer."  The undersigned also provided a pre-filing copy of this Letter to Plaintiff's counsel and Plaintiff's counsel confirmed that Plaintiff does not object to its filing.

The undersigned has decades of experience in both prosecuting and defending class actions, and as this case remains in its early stages there will be no prejudice to Plaintiff if the Court rules it appropriate to vacate the Clerk's Default.

Furthermore, based upon the undersigned's brief initial investigation, which included a review of Compass's records relating to Plaintiff's phone number at issue, Compass has a meritorious defense to Plaintiff's TCPA claims in that Compass was specifically authorized to contact Plaintiff's phone number.

*Hon. Sanket J. Bulsara, U.S.D.J.*
*Page 2*
*May 28, 2026*

Finally, there are currently no proceedings scheduled in this case.  Therefore, a brief extension of time for Compass to respond to the Complaint will not delay any proceedings in this case.

For these reasons, and in the interest of resolving this matter on the merits, the undersigned respectfully requests that the Court vacate the Clerk's Default and permit Compass to file an answer to, or otherwise move against, the Complaint on or before June 12, 2026.

Respectfully submitted,


MEISTER SEELIG & SCHUSTER PLLC


By: _____*/s/ Benjamin D. Bianco*_____
        Benjamin D. Bianco